SEWARD & KISSEL LLP
Attorneys for Defendant
NAKANISHI KIKAI KOGYOSHO CO., LTD.
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200/Facsimile: (212) 480-8421
Bruce G. Paulsen (BP 9563)
Wayne A. Parker (WP 6661)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERMARE TRANSPORT GMBH,<br><br>                         Plaintiff,<br>      - against –<br><br>NAMIREI-SHOWA CO., LTD., NAKANISHI KIKAI,<br>AND SN NAVIGATION PANAMA a//k/a SN<br>NAVIGATION S.A. OF PANAMA,<br><br>                        Defendants. | Civil Action No.<br>08 Civ. 3181 (WHP)<br><br>**VERIFIED ANSWER** |

      Defendant NAKANISHI KIKAI KOGYOSHO CO., LTD ("Nakanishi"), by its

attorneys, Seward & Kissel LLP, answering Plaintiff's Verified Complaint ("Complaint"),

alleges as follows:

      1.      Denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 1 of the Complaint.

      2.      Denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 2 of the Complaint.

      3.      Denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 3 of the Complaint.

      4.      Denies knowledge or information sufficient to form a belief as to the

allegations contained in paragraph 4 of the Complaint except admits that Nakanishi, sued herein

as NAKANISHI KIKAI is a corporation or other business entity organized and existing under

and by virtue of the laws of Japan, with an office located at 8-41 Fukuzaki 2 chome, Minato-ku, Osaka 552-0013, Japan.

5.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of the Complaint.

7.      Denies that Nakanishi was the owner of the motor vessels TBN 1 and TBN 2 and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 7 of the Complaint.

8.      Denies that Nakanishi was a party to the time charter dated April 16, 2007, and with respect to the remaining allegations contained in paragraph Eighth denies knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

9.      Denies that Nakanishi was a party to the time charter dated April 16, 2007, and denies knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 9 of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10 of the Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 11 of the Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint.

13.      Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of the Complaint.

14.     With respect to Nakanishi, denies the allegations contained in paragraph 14 of the Complaint and with respect to the other defendants, denies knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

15.     With respect to Nakanishi, denies the allegations contained in paragraph 15 of the Complaint and with respect to the other defendants denies knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

16.     With respect to Nakanishi, denies the allegations contained in paragraph 16 of the Complaint and with respect to the other defendants denies knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

17.     With respect to Nakanishi, denies the allegations contained in paragraph 17 of the Complaint and with respect to the other defendants denies knowledge or information sufficient to form a belief as to the remaining allegations contained therein.

18.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19 of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20 of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21 of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 23 of the Complaint.

24.     With respect to Nakanishi, denies the allegations contained in paragraph 24 of the Complaint and with respect to the other defendants denies knowledge or information sufficient to form a belief as to the remaining allegations contained in therein.

25.     Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the defendant Nakanishi and subject matter jurisdiction over the claims made herein.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

### THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed on the grounds of *forum non conveniens.*

### FOURTH AFFIRMATIVE DEFENSE

Nakanishi does not owe any duty, contractual or otherwise, to the Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

Nakanishi is not liable under any theory as the alter-ego, partner, owner, operator or joint venturer of any of the other named defendants or of the vessels described in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

The allegations set forth in the Plaintiff's Complaint, as against Nakanishi, are subject to the laws of one or more foreign countries, including, but not limited to, England and Japan.

## SEVENTH AFFIRMATIVE DEFENSE

The claims contained in the Complaint are time-barred under the applicable statutes of limitation and/or laws applicable to this case.

## EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff is barred by the doctrines of laches, waiver, estoppel, and arbitration and award.

**WHEREFORE**, Nakanishi demands judgment:

(i)    Dismissing the Complaint herein, together with costs and disbursements of this action;

(ii)    An Order vacating the Writ of Attachment and Garnishment issued against the property of the defendant Nakanishi;

(iii)    An Order directing all garnishees holding property of Nakanishi to release said property to Nakanishi;

(iv)    Awarding Nakanishi its legal expenses and attorneys' fees incurred in defending the present action; and

(v)    Such other, and further relief as is just.

New York, New York
June 11, 2008

SEWARD & KISSEL LLP

By:    /S/Bruce G. Paulsen
        Bruce G. Paulsen (BP 9563)
        Wayne A. Parker (WP 6661)
        One Battery Park Plaza
        New York, New York 10004
        Telephone:  (212) 574-1533
        Facsimile:  (212) 480-8421

        *Attorneys for Defendant Nakanishi Kikai*
        *Kogyosho Co., Ltd..*

## DECLARATION

PREFECTURE OF OSAKA  )
                              ) ss.:
JAPAN                  )

        MASAMI NAKANISHI, declares pursuant to title 28, section 1746 of the United States Code:

        1.    I am the president and representative director for defendant Nakanishi Kikai Kogyosho Co., Ltd. ("Nakanishi"), a defendant in this action.

        2.    I supervised the preparation of the foregoing answers to Plaintiffs' Verified Complaint and state that the answers have been prepared from my knowledge and by review of Nakanishi's files.  The answers are true and correct to the best of my knowledge, information and belief.

        3.    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 11, 2008.


                              /S/Masami Nakanishi
                                MASAMI NAKANISHI

SK 25666 0001 890662

6

SEWARD & KISSEL LLP
Attorneys for Defendant
NAKANISHI KIKAI KOGYOSHO CO., LTD.
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200/Facsimile: (212) 480-8421
Bruce G. Paulsen (BP 9563)
Wayne A. Parker (WP 6661)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERMARE TRANSPORT GMBH,<br><br>                    Plaintiff,<br>      - against –<br><br>NAMIREI-SHOWA CO., LTD., NAKANISHI KIKAI,<br>AND SN NAVIGATION PANAMA a//k/a SN<br>NAVIGATION S.A. OF PANAMA,<br><br>                    Defendants. | Civil Action No.<br>08 Civ. 3181 (WHP) |

# CERTIFICATE OF SERVICE

       I, Bruce G. Paulsen, an attorney duly admitted, hereby certify that on June 12, 2008, I caused to be served a true and complete copy of the Answer of Defendant Nakanishi Kikai Kogyosho Co., Ltd. on:

          Lennon, Murphy & Lennon, LLC
          The GrayBar Building
          Attorneys for Plaintiff
          420 Lexington Ave., Suite 300
          New York, New York 10170

by mailing a copy of same in a securely sealed, properly addressed, postpaid wrapper by regular mail.  Said wrapper was deposited with the requisite postage in a post office official depository under the exclusive care and custody of the United States Postal Service within the State of New York.

                /S/Bruce G. Paulsen_____
                Bruce G. Paulsen (BGP-9563)

SK 25666 0001 891999