SEWARD & KISSEL LLP
Attorneys for Defendant
NAKANISHI KIKAI KOGYOSHO CO., LTD.
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421
Bruce G. Paulsen (BP 9563)
Wayne A. Parker (WP 6661)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| INTERMARE TRANSPORT GMBH,<br><br>         Plaintiffs,<br>   - against –<br><br>NAMIREI-SHOWA CO., LTD., NAKANISHI KIKAI, AND SN NAVIGATION PANAMA a/k/a SN NAVIGATION S.A. OF PANAMA,<br><br>         Defendants. | Civil Action No.<br>08 Civ. 3181 (WHP)<br>ECF CASE |

**MEMORANDUM OF LAW IN SUPPORT
OF NAKANISHI KIKAI KOGYOSHO CO., LTD.'S MOTION TO VACATE
<u>ATTACHMENT AND DISMISS THE VERIFIED COMPLAINT</u>**

-i-

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ........................................................................................................... 2

ARGUMENT .................................................................................................................................. 3

    I.      THE PLAINTIFF CANNOT SATISFY ITS BURDEN TO ESTABLISH WHY THE ATTACHED MENT SHOULD NOT BE VACATED ................................. 3

            Intermare's Complaint Fails on Its Face To Demonstrate That Nakanishi Was a Party to the Charter Parties .......................................................................... 4

CONCLUSION ............................................................................................................................. 11

# TABLE OF AUTHORITIES

## FEDERAL CASES

Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434 (2d Cir. 2006)........3, 4

Deiulemar Compagnia di Navigazione SpA v. Dabkomar Bulk Carriers Limited, 2005 U.S. Dist. LEXIS 40783 (S.D.N.Y. 2005)...................................................................5

Dolco Invs. Ltd. v. Moonriver Development, Ltd., 486 F. Supp. 2d 261 (S.D.N.Y. 2007) 6

Mediterranea Di Navigazione SpA v. Int'l Petrochemical Group S.A., 2007 U.S. Dist. LEXIS 35869 (S.D.N.Y. 2007).................................................................................3, 4

OGI Oceangate Transp. Co. Ltd. v. RP Logistics PVT. Ltd., 2007 U.S. Dist LEXIS 46841 (S.D.N.Y. 2007)....................................................................................................6

Padre Shipping, Inc. v. Yong He Shipping, 2008 U.S. Dist. LEXIS 34428 (S.D.N.Y 2008) ................................................................................................................4, 5

Ronda Ship Management Inc. v. Doha Asian Games Organising Committee, 511 F. Supp. 2d 399 (S.D.N.Y. 2007)....................................................................................5, 6

Sonito Shipping Co., Ltd. v. Sun Maritime Ltd., 478 F. Supp. 2d 532 (S.D.N.Y. 2007)5, 6

Stevedoring Servs. of Am. v. Ancora Transp. N.V., 59 F.3d 879 (9th Cir. 1995) ............10

Tide Line, Inc. v. Eastrade Commodities, Inc., 2006 U.S. Dist. LEXIS 95870 (S.D.N.Y. 2006) ...................................................................................................................5

Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd., 519 F. Supp. 2d 399 (S.D.N.Y. 2008) ....................................................................................................5

## RULES

Federal Rules of Civil Procedure, Rule 12(b)(6)..................................................................1

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions Rule B.......................................................................................................................3

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions Rule E................................................................................................................3, 4, 5

**PRELIMINARY STATEMENT**

Defendant Nakanishi Kikai Kogyosho Co., Ltd. ("Nakanishi"), by its attorneys, Seward & Kissel LLP, submits this memorandum of law in support of its motion to vacate the maritime attachment of its funds in the amount of $35,455,068.00 ($3,600.00 of which has already been attached) and to dismiss this action in its entirety against Nakanishi for failure to state a claim pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6) and Rule E(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (the "Supplemental Rules").

Plaintiff, Intermare Transport GmbH ("Intermare" or "Plaintiff") obtained an order of attachment (the "Attachment Order") in support of its claims as set forth in the Verified Complaint (the "Complaint"). These claims relate to alleged breaches of two charter parties (each a "Charter Party" and together, the "Charter Parties") to which Nakanishi is not a party. As alleged in the Complaint, Nakanishi, defendant Namirei-Showa Co., Ltd. ("Namirei") and/or defendant SN Navigation S.A. ("SN Navigation"), as guaranteed nominee of Namirei and/or Nakanishi, were the owners of the vessels TBN 1 ("TBN 1") and TBN 2 ("TBN 2", together, the "Vessels"). Plaintiff further alleges that Nakanishi (among others), as owner, entered into the Charter Parties with Intermare, as charterer, for use of the Vessels and that Nakanishi subsequently refused to perform and repudiated the Charter Parties.[1] The allegations, as pled, simply do not support the attachment order as issued by this Court against Nakanishi. Further, the incontrovertible facts submitted by Plaintiff prove that, because Nakanishi was never a party to either of the Charter Parties, any amendment to the Complaint would be futile as regards

---

[1] Intermare's performance of the Charter Parties was guaranteed by Alfred C. Toepfer International GmbH ("Toepfer").

1

Nakanishi. The attachment must therefore be vacated and the Complaint dismissed as against Nakanishi.

## STATEMENT OF FACTS

Plaintiff filed its Complaint on March 31, 2008. In the Complaint, Intermare alleges, among other things, that the entity known as "Nakanishi Kikai" was the one of three named owners of two vessels, TBN 1 and TBN 2 and that "Nakanishi Kikai" breached the two Charter Parties, each dated April 16, 2007, for the use of the Vessels. (See Complaint, ¶¶ 7-10, 14, attached as Exhibit A to the declaration of Mr. Masami Nakanishi, dated August 26, 2008 ("Nakanishi Decl.").) Intermare initiated an arbitration proceeding in London, England against each of the Defendants based on these alleged breaches. (Complaint, ¶¶ 21.) Based on allegations set forth in the Complaint that, inter alia, Nakanishi (along with the other two Defendants) was the owner of the Vessels and a party to the Charter Parties, this Court issued supplemental process of attachment pursuant to the Attachment Order dated April 4, 2008, as against $35,455,068.00 of assets belonging to the Defendants, including Nakanishi's property if found in the district. A copy of the Attachment Order is annexed to the Nakanishi Declaration as Exhibit B.

Nakanishi is a Japanese corporation engaged in the business of shipbuilding in China. (See Nakanishi Decl. ¶7). Nakanishi's registered office is at 8-41, Fukuzaki 2-chome, Minato-ku, Osaka, Japan. Id. Namirei is a company based in Sakai City and a completely separate company from Nakanishi Id. ¶8. Namirei specializes in manufacturing air conditioning and refrigeration units. SN Navigation is a Panamanian corporation wholly owned by Namirei with its registered office at 15th Floor, Banco General Tower, Aquilino De La Guardia Street, Marbella, Panama City, Republic of Panama. Id. ¶9. Nakanishi has no capital ties, direct or

2

indirect, with either Namirei and SN Navigation nor does it have any ownership interest in either of these other named Defendants. Id. ¶10. Furthermore, Nakanishi and the other named Defendants do not share any directors or officers and are entirely separate corporate entities. Id. Finally, Nakanishi never entered into either of the Charter Parties nor authorized any individual from either of the named Defendants to execute the Charter Parties on its behalf. Id. ¶16.

## ARGUMENT

### I. THE PLAINTIFF CANNOT SATISFY ITS BURDEN TO ESTABLISH WHY THE ATTACHMENT SHOULD NOT BE VACATED

Rule E(4)(f) of the Supplemental Rules provides that: "[w]henever property is arrested or attached, any person claiming an interest in it shall be entitled to a prompt hearing at which the plaintiff shall be required to show why the arrest or attachment should not be vacated or other relief granted consistent with these rules." As discussed in detail herein, Plaintiff cannot sustain this burden.

A maritime order of attachment is properly issued when the plaintiff makes a prima facie showing it has a *valid* maritime claim against the defendant in the amount sued for and that defendant is not present in the district. 1985 Advisory Committee Note to Admiralty Rule B. Where the plaintiff has obtained an ex parte order of attachment under Supplemental Rule B, Supplemental Rule E(4)(f) imposes on the plaintiff the burden of showing why the attachment should not be vacated. Admiralty Rule E(4)(f). This burden is discharged only when the plaintiff can show: 1) it has a valid prima facie admiralty claim against the defendant; 2) the defendant cannot be found within the district; 3) the defendant's property may be found within the district; and 4) there is no statutory or maritime law bar to the attachment. Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 445 (2d Cir. 2006). Notably, "[t]he Court must vacate an attachment if the plaintiff fails to sustain its burden of demonstrating that

3

the requirements of Rules B and E are satisfied." Mediterranea Di Navigazione SpA v. Int'l Petrochemical Group S.A., 2007 U.S. Dist. LEXIS 35869 (S.D.N.Y. 2007) (citing Aqua Stoli, 460 F.3d at 445) (emphasis added). Furthermore, defendants are permitted to "attack the Complaint, the arrest, the security demanded, or any other alleged deficiency in the proceedings" in connection with a Rule E(4)(f) hearing. See, Advisory Committee Notes to the 1985 Amendments to Admiralty Rule E. In this case, the Plaintiff's Complaint is so deficient with respect to the allegations against Nakanishi that the Court should simultaneously vacate the order attaching funds belonging to Nakanishi and dismiss this action as against Nakanishi with prejudice.

As detailed below, the Plaintiff did not adequately allege and provided no evidence to support its allegations that Nakanishi was a party to either of the Charter Parties, the only theory on which Plaintiff can assert a valid prima facie maritime claim against Nakanishi.

***Intermare's Complaint Fails on Its Face To Demonstrate That Nakanishi Was a Party to the Charter Parties***

Following the Second Circuit's decision in Aqua Stoli, the majority of US district judges in the Southern District have held the standard for determining whether a plaintiff has asserted a valid prima facie admiralty claim in a Rule B attachment proceeding is the "prima facie standard". Padre Shipping, Inc. v. Yong He Shipping, 2008 U.S. Dist. LEXIS 34428, at *8 (S.D.N.Y. 2008). Under this standard, the Complaint fails as against Nakanishi.

Under the prima facie standard, a plaintiff's complaint must contain factual allegations that meet the heightened pleading standard of Supplemental Rule E(2)(a). Id. Admiralty Rule E applies to all actions with regard to process of attachment and garnishment. See, Admiralty Rule E(1). Admiralty Rule E(2) provides for a heightened pleading standard requiring the complaint to "state the circumstances from which a claim arises with such

4

particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." Admiralty Rule E(2).  Hence, due process requires an evidentiary showing of the claimant's "probable entitlement either before or shortly after the seizure."  <u>Deiulemar Compagnia di Navigazione SpA v. Dabkomar Bulk Carriers Limited</u>, 2005 U.S. Dist. LEXIS 40783, at *10-11 (S.D.N.Y. 2005)(noting other district judges within the Southern District for New York have found the <u>prima facie</u> standard satisfied only where plaintiff submits evidence which, without reference to evidence opposing it, could sustain a verdict in plaintiff's favor); <u>see also</u>, <u>Padre Shipping</u>, 2008 U.S. Dist. LEXIS 34428 at *10 (noting though a "…<u>prima facie</u> showing is used in many different contexts…it is most commonly understood as requiring evidence or, at least, allegations of fact which, if true, could sustain the ultimate proposition in issue.").  U.S. district courts have repeatedly emphasized this standard is more stringent than the pleading requirements of the Federal Rules of Procedure.  <u>Id</u>.; <u>see also</u>, <u>Wilhelmsen Premier Marine Fuels AS v. UBS Provedores Pty Ltd.</u>, 519 F. Supp. 2d 399, 409 (S.D.N.Y. 2008); <u>Ronda Ship Management Inc. v. Doha Asian Games Organising Committee</u>, 511 F. Supp. 2d 399, 404 (S.D.N.Y. 2007); <u>Tide Line, Inc. v. Eastrade Commodities, Inc.</u>, 2006 U.S. Dist. LEXIS 95870, at *24 (S.D.N.Y. 2006).

   To challenge an attachment order issued pursuant to Supplemental Rule B, under Supplemental Rule E(4)(f) a defendant may argue that the plaintiff's pleadings are themselves insufficient to state such a valid <u>prima facie</u> claim.  <u>Id</u>.; <u>Ronda Ship Management Inc.</u>, 511 F. Supp. 2d at 404.  Several district judges within the Southern District of New York have held the plaintiff's claim must be valid under the applicable substantive law that will govern the underlying action.  <u>Sonito Shipping Co., Ltd. v. Sun Maritime Ltd.</u>, 478 F. Supp. 2d 532, 536 (S.D.N.Y. 2007)(holding that plaintiff failed to assert a <u>prima facie</u> admiralty claim because a

contingent indemnity claim was not valid under English law, which governed the charter party); OGI Oceangate Transp. Co. Ltd. v. RP Logistics PVT. Ltd., 2007 U.S. Dist LEXIS 46841, at *4 (S.D.N.Y. 2007)(ruling that without an understanding of the applicable law a court would be unable to determine whether a plaintiff has plead a valid prima facie claim).  The rationale for this view is that the existence of a valid prima facie admiralty claim turns upon the applicable substantive law.  Sonito Shipping Co., Ltd., 478 F. Supp. 2d at 536.  Other courts have ruled that the prima facie standard is met if the complaint demonstrates the plaintiff has a claim that is cognizable in admiralty, i.e. one which sounds in admiralty jurisdiction.  Ronda Ship Management Inc., 511 F. Supp. 2d at 404; Dolco Invs. Ltd. v. Moonriver Development, Ltd., 486 F. Supp. 2d 261, 266 (S.D.N.Y. 2007).  Under either view, the plaintiff's complaint must allege and demonstrate that plaintiff could sustain the ultimate proposition in issue.  Intermare's claims vis-à-vis Nakanishi, as set forth in the Complaint, cannot sustain its alleged claims of breach by Nakanishi, a non-party to the Charter Parties.

       Intermare's claims vis-à-vis Nakanishi arise solely from the alleged breaches of the two Charter Parties.  See Complaint, ¶¶ 7-14.  The Complaint includes several Exhibits offered in support of Plaintiff's claim that Nakanishi is a party to one or both of the Charter Parties.  The Charter Parties themselves, however, are not annexed to the Complaint.  Both the Complaint and attached Exhibits clearly fail to meet the required pleading standard because they do not adequately allege that Nakanishi was a party to the Charter Parties at issue in this proceeding or that even if it was a party (which Nakanishi denies) that it repudiated the Charter Parties.

       Exhibit 1 to Intermare's Complaint is a performance guarantee with attached cover letter from a shipbroker offered to support Intermare's allegation that Namirei-Showa was

6

a performance guarantor of SN Navigation under both of the Charter Parties.  Close examination of that document shows that the letter is from Mr. Chuji Fujihara, Managing Director of Namirei-Showa, guaranteeing the full performance of SN Navigation "for the charter party dated 16th April, 2007".  See Complaint, Exhibit 1, pg. 2.  Although the text refers to the "Owners" as "Namirei-Showa or Nakanishi Kikai or their guaranteed nominee", the document is neither signed by nor addressed to Nakanishi but is clearly a communication from Namirei-Showa only.  The third and fourth pages in Exhibit 1 is also of no aid to Plaintiff as it is apparently a power of attorney signed by an officer of SN Navigation; again, there is no textual indication that this document was ever seen, sent or executed by an officer of Nakanishi.  In short, nowhere in Exhibit 1 is there is any indication that Nakanishi was a performance guarantor of SN Navigation, an assertion on which Intermare explicitly relies in its Complaint to establish privity of contract under the Charter Parties.  See Complaint, ¶ 7.

Further doubts concerning Intermare's allegation that Nakanishi was a party to either of the Charter Parties are raised by close examination of Exhibit 2 to the Complaint.  Plaintiff cites to Exhibit 2 for the proposition that the Defendants, including Nakanishi, repudiated the Charter Parties.  See Complaint, ¶¶ 14-15.  Exhibit 2 is an e-mail from Plaintiff's shipbroker with an attached original e-mail message at the bottom of the page from an officer of Namirei-Showa.  See Complaint, Exhibit 2.  The original message confirms that Namirei-Showa – and not Nakanishi – will be unable to perform its duties "as per the agreed Charter Parties".  Id.  That original e-mail message is clearly from "C. Fujihara", the same Namirei-Showa officer who signed the performance guarantee included in Exhibit 1.  Since this is the only Exhibit offered to show actual repudiation by any party to the Charter Parties and does not include any specific

7

reference to Nakanishi, it cannot meet the required pleading standard to show any repudiation or breach by Nakanishi, even if it were a party to the Charter Parties in issue.

Exhibit 3 to the Complaint further undermines any alleged connection of Nakanishi with the Charter Parties. Intermare cites to Exhibit 3 in support of its allegation that it "accepted the Defendants' repudiation by facsimile dated February 25, 2008." See Complaint, ¶ 16. Exhibit 3 is a telefax from Intermare clearly addressed to Namirei-Showa and SN Navigation, among others. Nakanishi is not an addressee to the fax nor is it named anywhere in the document. This despite the fact that Intermare clearly states that Intermare "hereby terminates the Charter Party." Given that Intermare alleged that Nakanishi was a party to both of the Charter Parties, it speaks volumes that Intermare did not see fit to contact Nakanishi, an alleged party to the Charter Parties, when it to informed Namirei-Showa and SN Navigation that Intermare considered the Charter Parties terminated. At the least, this failure supports an inference that Nakanishi was not a party to the Charter Parties being repudiated.

In deciding whether attachment is proper here, we note this Court relied on assertions in the Complaint of an alleged contractual relationship between Nakanishi and Intermare. As explained in the preceding paragraphs, on its face the Complaint cannot support Intermare's burden to show it has contractual relationship of any kind with Nakanishi or (if one assumes Nakanishi was a party to the Charter Parties) that Nakanishi ever breached the Charter Parties. All of the attached documents refer to a contractual relationship between Intermare, on the one hand, and Namirei-Showa and SN Navigation on the other. Nowhere in the Complaint or its attached Exhibits does Intermare provide a communication or other document that demonstrate Nakanishi granted authority to Namirei-Showa and SN Navigation to execute the Charter Parties on its behalf. Nor does the Complaint and its attached Exhibits show Nakanishi

8

ever reached an agreement with Intermare in respect of the Charter Parties (or anything else). Hence, Intermare cannot sustain its burden to show that it pled a valid prima facie admiralty claim.

Nakanishi remains perplexed as to why it has been named in this action, especially since (a) it never signed nor authorized anyone at Namirei-Showa or SN Navigation to sign the Charter Parties on its behalf (Nakanishi Decl. ¶16) and (b) it has no ownership or other cognizable interest in the Vessels it is alleged to have chartered to Plaintiff pursuant to the Charter Parties. Id. ¶22. Because Nakanishi has been unable to receive or send remittances in US dollars due to the Attachment Order obtained by Intermare on insufficient grounds, Intermare's Complaint has only served to harm Nakanishi without good reason.

Further, with respect to the allegations set forth in the Complaint at ¶ 13, Nakanishi does make use of shipyard facilities in China. Id. ¶7. In the latter half of 2006, Nakanishi initially engaged in negotiations with Namirei-Showa and officers from Toepfer for the construction of two vessels. Id. ¶11. These negotiations, however, did not result in a construction contract between Nakanishi and any of the parties due to Nakanishi's inability to secure the required financing. Id. ¶12. Namirei-Showa subsequently asked that Nakanishi step down from participating in the shipbuilding endeavor and entered into different contracts with SN Navigation for the construction and sale of the two vessels that would be the subject of the Charter Parties. Id. Nakanishi is not a party to either of those two construction contracts nor is it a party to the Charter Parties. Id. ¶12, 16. Nakanishi, although is was involved in the early stages of the transaction, ultimately had no part in it. Id.

The Plaintiff here is attempting to secure its judgment, in respect of an arbitration it has already initiated against Nakanishi even though it knows that Nakanishi is not a party to

9

the Charter Parties on which it bases its maritime claims. A power of attorney granted by Intermare in favor of Mr. Johannes Adrichem, the individual who signed the Charter Parties on behalf of Intermare, clearly states that he is authorized to sign on Intermare's behalf "…a) long term charter parties for two 12,500 dwt single screw bulk carriers with Messrs SN Navigation S.A.; b) a separate agreement with SN Navigation S.A. for purchase option in respect of the aforementioned vessels." Intermare therefore knew that it was entering the Charter Parties with Namirei-Showa and SN Navigation, and not with Nakanishi. It is also plain that Nakanishi did not agree to enter into the Charter Parties and has no connection with these Charter Parties. In these circumstances, Nakanishi is not bound by the terms of the Charter Parties, or by the arbitration agreements contained therein, or by any award that might be rendered thereunder. Intermare's attempt to cast its net so broadly as to capture entities which were tangentially related to the negotiations with respect to the building the Vessels, but which were not ultimately parties to the agreements, should not be permitted.[2]

      For all of these reasons, the Court should vacate the attachment order. See Stevedoring Servs. of Am. v. Ancora Transp., N.V., 59 F.3d 879 (9th Cir. 1995) (district court properly concluded that it did not have jurisdiction over attached funds under Rule B where the garnishee was not a party to the maritime contract alleged to have been breached in the complaint). Additionally, given that Intermare's Complaint cannot meet the pleading standard set forth in Supplemental Rule E(2), this Court should dismiss the Complaint with prejudice.

---

[2] Namirei-Showa has commenced a civil rehabilitation proceeding in Japan and on August 21, 2008 commenced a Chapter 15 proceeding in the Southern District of New York (In re Namirei-Showa Co., Ltd., Case No. 08-13256 (BRL)). Nakanishi thus appears to be the real target here (albeit an improper one), as Intermare clearly fears that it may not collect against Namirei-Showa.

## **CONCLUSION**

By reason of the foregoing, Nakanishi's motion to vacate the attachment and to dismiss the Complaint with prejudice should be granted in its entirety and it should be granted such other and further relief as is just.

Dated:  New York, New York
August 27, 2008

By: _s/ Bruce G. Paulsen_____
Bruce G. Paulsen (BP 9563)
Wayne A. Parker (WP 6661)
SEWARD & KISSEL LLP
One Battery Park Plaza
New York, New York 10004
(212) 574-1200